UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLENN MACPHERSON THOMAS,

                    Plaintiff,

          -against-

FEDERAL GOVERNMENT; EDGARDO
RAMOS, FEDERAL JUDGE; JEREMY
GUTMAN, FEDERAL ATTORNEY;
MICHAEL SPORN; DEBRA ANN
LIVINGSTON, CHIEF JUDGE OF THE
SECOND CIRCUIT APPEALS COURT,

                    Defendants.

---

23-CV-5559 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently incarcerated at MDC Brooklyn, brings this *pro se* action under

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 304 U.S. 388 (1971),

alleging that Defendants violated his federal constitutional rights. Named as Defendants are the

"Federal Government;" United States District Court Judge Edgardo Ramos, who presided over

Plaintiff's criminal proceedings; United States Court of Appeals for the Second Circuit Chief

Judge Debra Ann Livingston; and Michael Sporn and Jeremy Gutman, two defense attorneys

who represented Plaintiff in his criminal proceedings. By order dated June 29, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees.[1] For the reasons set forth below, the Court dismisses this action.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following allegations are taken from the complaint. Plaintiff went to trial on federal criminal charges before Judge Ramos in August 2014, at the conclusion of which he was found guilty on four counts.[2] Plaintiff alleges,

> Judge Edgardo Ramos and my old attorney Michael H. Sporn force me to wait 6 years to be sentence because he knew I would win my appeal[.] These facts has been submitted to [United States Court of Appeals for the Second Circuit] Chief Judge Debra Ann Livingston since 2017 I have sued for due process violations.

(ECF 1, at 4.)[3]

Plaintiff alleges that the Court of Appeals for the Second Circuit "has been covering for Judge Ramos." (*Id.*) Chief Judge Livingston "is trying to use [his] alle[ged] co-conspirator Tyrell

---

[2] The details of Plaintiff's criminal proceedings are summarized below.

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All grammar, spelling, and punctuation are as in the original unless otherwise indicated.

Whitikar as an excuse stopping [his] judgement of commitment from going to stop [his] appeal process[.]" (*Id.* at 10.)

Plaintiff further alleges that his attorney Jeremy Gutman has been "ineffective" because "he refuse[d] to get [Plaintiff's] appeal answer[ed] and get [him] out of jail." (*Id.* at 4.)

Plaintiff brings claims under the Eighth Amendment, Fourteenth Amendment, Sixth Amendment, and claims for a "right to fair trial[,] malicious prosecution[,] def[am]tion of char[a]ct[e]r[,] [and] wrongful[ ] imprisonment." (*Id.*) He also asserts claims of ineffective assistance of counsel. (*Id.*)

Plaintiff seeks $100 million and "immediate release . . . with no charges because [his] appeal should have been herd [and he] want[s] [his] appeal answered ASAP. (*Id.* at 5.)

Plaintiff attaches to the complaint a copy of the same "Memorandum of Law" that he submitted with a previous complaint that he filed in this court, and which the Court recently dismissed. *See Thomas v. Federal Government*, ECF 1:23-CV-4666, 1 (LTS) (S.D.N.Y. June 20, 2023); (*see also* ECF 1, at 6-7.)

Public records of Plaintiff's criminal proceedings reflect the following procedural history. On August 22, 2014, a jury found Plaintiff guilty of four of the six counts charged in the indictment: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 2); murder through the use of a firearm relating to a crime of violence, in violation of 18 U.S.C. § 924(j) (Count 4); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(l)(A) (Count 5).[4] *See United States v. Thomas*, No. 1:12-CR-0626-5, 146 (S.D.N.Y.

---

[4] Plaintiff was not found guilty of the charges in Count 3 (conspiracy to distribute or possess with intent to distribute controlled substances) and Count 6 (use of a firearm during and in relation to a drug trafficking crime). *See Thomas*, No. 12-CR-0626-5 (ECF 146).

Aug. 22, 2014). On September 23, 2014, attorney Michael Sporn was appointed to represent Plaintiff in post-trial matters (ECF 250), and he filed numerous post-trial motions. Sentencing was stayed pending decisions in the Second Circuit on relevant cases, *United States v. Hill*, No. 14-3872 (2d Cir.), and *United States v. Barrett*, No. 14-2641 (2d Cir.).

On March 23, 2021, Judge Ramos denied motions brought by Plaintiff and his co-defendants to set aside their convictions. *United States v. Christian*, 528 F. Supp. 3d 174, 179 (S.D.N.Y. Mar. 23, 2021); *Thomas*, No. 12-CR-0626-5 (ECF 469). On March 25, 2021, more than six years after the jury verdict, judgment was entered sentencing Plaintiff to a cumulative total of 204 months' imprisonment.[5] (ECF 471.) Plaintiff appealed both the judgment and the district court's March 23, 2021, order denying his motion to set aside the conviction. (ECF 472.)

Plaintiff also filed in the district court a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction (ECF 476), which the government opposed on May 4, 2021 (ECF 483). Before the district court took further action on Plaintiff's *pro se* Section 2255 motion, on November 15, 2022, the Court of Appeals for the Second Circuit issued an order on Plaintiff's direct appeal. (ECF 503.) The Second Circuit granted Plaintiff's appeal in part, vacated the conviction on counts four and five of the indictment,[6] under 18 U.S.C. §§ 924(c) and 924(j), and remanded the case for resentencing. The Second Circuit further declared that "[j]urisdiction over the appeal will be automatically restored to this Court and assigned to an appropriate merits panel, without

---

[5] The 204-month sentence included concurrent terms of 120 months' imprisonment (on counts 1, 2, and 4), with three years of supervision on counts 1 and 2; and a consecutive sentence of 84 months' imprisonment on count 5, with five years of supervision on counts four and five. Counts 3 and 6 were dismissed.

[6] Count four charged Plaintiff with murder through the use of a firearm relating to a crime of violence, in violation of 18 U.S.C. § 924(j). Count five charged Plaintiff with brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2 and 924(c)(l)(A).

the need for a new notice of appeal, upon notification to the Clerk of Court within 14 days of the district court's decision on resentencing." (*Id.*)

On May 10, 2023, Plaintiff was resentenced to 168 months' imprisonment, followed by three years' supervised release. (Minute Entry of May 10, 2023.) By order dated June 13, 2023, the Second Circuit noted that Plaintiff and his co-defendants were resentenced on May 10, 2023, but that the district court had not yet entered amended judgments, and it deferred restoring jurisdiction to itself until the district court entered amended judgments. (ECF 525.) On June 20, 2023, the district court entered an amended judgment. (ECF 530.)

As mentioned above, this case is not the only recent civil action Plaintiff has filed in this court regarding his criminal proceedings. On June 1, 2023, Plaintiff filed another action in this court against the "Federal Government," Judge Ramos, and Sporn. *See Thomas v. Federal Government*, ECF 1:23-CV-4666, 1. Plaintiff's allegations in that action were similar to the allegation he asserts here. By order dated June 20, 2023, the Court dismissed that complaint as frivolous, for failure to state a claim on relief may be granted, and for seeking monetary relief from a defendant immune from such relief. ECF 1:23-CV-4666, 5. The Court also dismissed Plaintiff's challenge to his judgment and conviction in his criminal case without prejudice to his bringing a motion to vacate that conviction under 28 U.S.C. § 2255. *Id.*

## DISCUSSION

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Plaintiff brings claims for damages, under *Bivens*, against the "Federal Government," Judge Ramos, Chief

Judge Livingston, and defense attorneys Sporn and Gutman. Plaintiff also seeks "immediate release." The Court addresses these claims in turn.

### A.        Claims against "Federal Government"

Plaintiff brings a claim against the "Federal Government," invoking *Bivens*. The purpose of an implied *Bivens* action for damages "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Accordingly, the only proper defendant for a *Bivens* claim is an individual federal official. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). Defendant "Federal Government" is not an individual federal official subject to a suit for damages under *Bivens*.

Moreover, sovereign immunity generally bars federal courts from hearing suits against the United States, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff does not invoke any federal law that abrogates the sovereign immunity of the United States as a basis for his claim against the Federal Government. Plaintiff's claim for damages against the Federal Government is therefore dismissed based on sovereign immunity and for failure to state a claim under *Bivens*. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

### B.        Claims against District Judge Ramos and Chief Circuit Judge Livingston

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff sues Judge Ramos and Chief Judge Livingston for damages for "acts arising out of, or related to, individual cases before [them]," Judge Ramos and Chief Judge Livingston are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Ramos and Chief Judge Livingston because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.   Claims against defense counsel

Plaintiff asserts a claim against his former defense attorneys for damages for allegedly violating his constitutional rights. Whether Plaintiff's damages claim against Defendants Sporn and Gutman are asserted under *Bivens* or 42 U.S.C. § 1983, in order to seek relief for violations of his constitutional rights, Plaintiff must allege facts showing that Defendants Sporn and Gutman are government actors. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Attorneys appointed to act as defense counsel in criminal proceedings are not, on the basis of that function, deemed government actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Jaber v. Hanley*, No. 20-CV-7347 (LLS) (S.D.N.Y. Jan. 5, 2021) ("[Assistant Federal Defenders] are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel.");

*Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under Section 1983 or *Bivens*). Plaintiff thus cannot state a claim against Defendants Sporn and Gutman for damages, under *Bivens* or Section 1983, because they are not government actors.

**D.      Release from imprisonment**

Plaintiff raises challenges to his conviction and sentence, and he seeks to obtain release from custody in this *Bivens* action. A claim that affects the fact or duration of confinement, however, must be brought in a petition for a writ of *habeas corpus* – not as a civil rights action. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus* is the sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence.")

A district court cannot recharacterize an action brought under some other statute as a Section 2255 motion without giving notice of its intention to treat the complaint as a Section 2255 motion, and providing an opportunity to withdraw the complaint. *See Adams v. United States*, 155 F.3d 582 (2d Cir. 1998). Plaintiff's complaint thus cannot be treated as a Section 2255 motion challenging his June 30, 2023, judgment of conviction in *Thomas*, No. 12-CR-626-5, without giving him notice and an opportunity to withdraw it.[7]

---

[7] Although Plaintiff previously filed a *pro se* Section 2255 motion, *Thomas v. United States*, No. 21-CV-03128 (ER) (S.D.N.Y.), that application challenged his earlier 2021 judgment and was never adjudicated on the merits. A Section 2255 motion challenging Plaintiff's 2023 judgment therefore, at this stage, would not appear to be a successive motion requiring authorization from the court of appeals.

Moreover, a criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion.[8] *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), district courts generally conclude that declining to do so is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted), and to avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal, *Outen*, 286 F.3d at 632.

The Second Circuit, in its order granting in part Plaintiff's appeal, held that "[j]urisdiction over the appeal will be automatically restored to this Court and assigned to an appropriate merits panel, without the need for a new notice of appeal, upon notification to the Clerk of Court within 14 days of the district court's decision on resentencing." Given that Plaintiff's direct appeal of his judgment of conviction is not yet final, and a Section 2255 motion would therefore be premature, the Court declines to recharacterize this complaint under *Bivens* as a Section 2255 motion challenging Plaintiff's conviction.

## E.    State law claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

---

[8] Claims for ineffective assistance of counsel, however, may be brought in a Section 2255 motion without first being raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.    Leave to amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff has repeatedly brought suit for damages against his defense counsel, the district judge who presided over his criminal proceedings, and the "Federal Government." *See Thomas v. Federal Government*, No. 23-CV-4666 (LTS) *S.D.N.Y. June 20, 2023); *Thomas v. Shroff*, No. 21-CV-0450 (LLS) (S.D.N.Y. Feb. 19, 2021); *Thomas v. Ramos*, No. 20-CV-3422 (LLS) (S.D.N.Y. May 5, 2020); *Thomas v. Federal Government*, No. 17-CV-3484 (CM) (S.D.N.Y.

June 7, 2017). Those claims have been dismissed based on, respectively, lack of government action, judicial immunity, and sovereign immunity. [9] Because it would be futile to grant Plaintiff leave to replead his *Bivens* claims for damages, the Court declines to do so.

Plaintiff's challenge to his judgment of conviction and sentence in No. 12-CR-0626-5 (ER), is dismissed without prejudice to his bringing a motion to vacate the conviction under 28 U.S.C. § 2255.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's challenge to his judgment of conviction and sentence in No. 12-CR-0626-5 (ER), is dismissed without prejudice to his bringing a motion to vacate the conviction under 28 U.S.C. § 2255.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[9] Despite Plaintiff's extensive litigation history, he is not currently barred by the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because he has not accumulated three cases in which the entire action was dismissed on the grounds that the action is frivolous, malicious, or for failure to state a claim on which relief may be granted. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019) (holding "that a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike," and that mixed dismissals cannot count as strikes).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   August 24, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge